ABRAHAM GOODMAN, Judgment Creditor, Plaintiff, *v.* LUSBLUM REALTY CORPORATION, ABRAHAM L. SHRUBSTEIN, Judgment Debtor, and Others, Defendants.

City Court of New York, Special Term, New York County, September 18, 1939.

*Sobel & Brand* [*Samuel Sobel* of counsel], for the plaintiff.

*Philip Kranzbaum,* appearing specially for Abraham L. Shrubstein.

COLEMAN, J. The defendant Shrubstein, judgment debtor, moves to vacate a judgment entered against him by default in 1930 in the City Court, New York county, on the ground that the judgment is void. He, with several others, was named a defendant in an action brought in the City Court, Bronx county. He was served with a summons and complaint, each of which recited " County of Bronx " as the venue. After his default in answering (his contention that he had not been served has been withdrawn from consideration), an order was entered in the City Court, New York county, severing the action as to the other defendants and permitting the entry of judgment against him. Judgment then was entered in New York county, although the papers making up the judgment roll were entitled in Bronx county. The judgment creditor recognizes the irregularity of his proceedings, but argues that it is not fatal and suggests that I have power to correct it by directing that the judgment be entered in Bronx county *nunc pro tunc.* (Civ. Prac. Act, § 109.)

Under subdivision 1 of section 49 of the New York City Court Act, the summons must " state the county in which the action is brought, and * * * all subsequent proceedings in the action shall be in the division of the court situated in the county designated in the summons." Although there is only one City Court of the City of New York with jurisdiction throughout the entire city (State Const. art. 6, § 15), for administrative purposes and purposes of orderly procedure, the court is divided into five divisions. Section

49, from which I have quoted, makes it clear that from the standpoint of guiding litigation through the various stages from beginning to end, the court is in fact five separate entities, to the same extent that the Supreme Court " in and for New York county " is distinct from the Supreme Court " in and for Bronx county." Each entity, therefore, must keep its own records, its own files of documents and its own judgment rolls. (Cf. Rules Civ. Prac. rule 7.) Any other conclusion would lead to chaos. Here, for instance, the defendant stated that he had no knowledge of the entry of judgment against him until July of this year, when proceedings supplementary to it were commenced. Obviously, the only record which he could reasonably be called on to examine would not inform him that judgment had been entered. The procedure followed here was more than irregular; there was no basis in fact for it. The judgment was entered in a court where no proceedings were pending, and is, therefore, void. The motion to vacate it is granted. Settle order.